UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CYNTHIA FLETCHER                                                                  PLAINTIFF

V.                              NO. 3:17CV00223-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                       DEFENDANT

**ORDER**

I. **Introduction:**

Plaintiff, Cynthia Fletcher, applied for disability benefits on January 9, 2015, alleging a disability onset date of January 1, 2012. (Tr. at 13). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 21). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

II. **The Commissioner's Decision:**

The ALJ found that Fletcher had not engaged in substantial gainful activity since the alleged onset date of January 9, 2015. (Tr. at 21). At Step Two, the ALJ

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

found that Fletcher has the following severe impairments: COPD, obstructive sleep apnea, bronchitis, carpal tunnel syndrome, degenerative disc disease, degenerative joint disease of the knees, and obesity. *Id.*

After finding that Fletcher's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Fletcher had the residual functional capacity ("RFC") to perform light work, except that: (1) she should not perform more than occasional stooping and crouching; (2) she could not be exposed to concentrated fumes, odors, or gases in the workplace; and (3) she could not have more than frequent handling responsibilities.

The ALJ relied upon the testimony of a Vocational Expert ("VE") to find that, based on Fletcher's age, education, work experience and RFC, she could perform her past relevant work as a sorter at Goodwill. (Tr. at 20-21). Based on that Step Four determination, the ALJ held that Fletcher was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

### B. Fletcher's Arguments on Appeal

Fletcher contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the RFC for light work with frequent handling exceeds her functional capacity, and suggests that the ALJ should have found her disabled based on the Medical-Vocational Guidelines.

Fletcher focuses on limitations arising from degenerative changes in her knees

and carpal tunnel syndrome.[2] She was diagnosed with joint pain in both knees on January 5, 2015. (Tr. at 271-272). Her doctor prescribed a steroid dose. *Id*. On May 29, 2015, x-rays showed degenerative changes of both knees, with mild medial and patellofemoral compartment narrowing and spurring. (Tr. at 306). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Roger Troxel, M.D., performed a consultative physical examination on July 2, 2015. (Tr. at 323-327). He found decreased range of motion in both knees, but Fletcher had negative straight-leg raising, no muscle spasm or weakness, and normal patellar reflexes. (Tr. at 326). She could walk without assistive devices, but refused to walk on heels or toes or arise from a squatting position. *Id*. Dr. Troxel proposed mild to moderate limitations on walking, standing, lifting, and carrying. *Id*. The record does not reflect further treatment or examination for knee problems.

The above findings show, at the most, moderate limitations because of knee pain. Fletcher did not seek out consistent treatment over a long period. The failure to seek regular and continuing treatment contradicts allegations of disability. *See*

---

[2] Additionally, Fletcher complained of back pain, but x-rays and MRIs of the spine showed mild conditions and clinical exams revealed no pronounced problems. (Tr. at 270-272, 304, 306, 326, 449, 469, 471). As well, treatment was conservative and sparse, so back pain is not sufficient grounds for reversal.

*Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). She admitted that in a year and a half she had only treated with medications, and she did not pursue physical therapy or surgery, or receive injections. (Tr. at 50). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Fletcher reported that medication helped with pain, and her doctors encouraged her to exercise. (Tr. at 270-272, 281). A physician's recommendation to exercise suggests that Plaintiff had an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Hot baths and heating pads were recommended. (Tr. at 270-271). Again, Fletcher's knee condition did not require aggressive treatment. Thus, the RFC for light work appropriately incorporated her mild limitations.

As for her carpal tunnel syndrome, Fletcher was prescribed Tramadol for painful flexion and extension of her wrists on June 25, 2015. (Tr. at 340-342). She was referred to a neurologist and saw one on May 25, 2016. A nerve conduction study showed moderate carpal tunnel syndrome in both wrists. (Tr. at 461). She exhibited positive Tinel's sign and Phalen's sign, which findings support her claims of wrist pain. (Tr. at 464). Fletcher was prescribed wrist splints, but the neurologist did not recommend surgery. *Id.*

At the consultative examination with Dr. Troxel, Fletcher was able to hold a

pen and write, touch her fingertips to her palm, oppose thumb to fingers, and pick up a coin. (Tr. at 326). Her ability to perform these functions without pain undermines her assertion of disability due to carpal tunnel syndrome. As well, Dr. Troxel did not find any limitations on her abilities with respect to her hands. And no doctor imposed work restrictions based on carpal tunnel syndrome. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003).

Fletcher argues that the frequent handling in the proposed RFC exceeded her abilities. But mild testing and conservative care, coupled with only intermittent treatment, does not indicate she would be unable to frequently finger. A diagnosis alone does not establish disability: a claimant must show significant functional limitations as a result of the diagnosis. *Gowell v. Apfel*, 242 F.3d 793, 797-798 (8th Cir. 2001). Fletcher's performance on manipulative tests at the consultative examination match up with the ALJ's conclusion that she could frequently handle.

The opinions of the medical doctors all support the RFC for light work. Two non-examining medical consultants found mild to moderate restrictions consistent with light work, which mirrored the findings of Dr. Troxel. (Tr. at 68, 83). Despite Fletcher's argument, no further development of the record was necessary because no medical issue was undeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th

Cir. 2004).

Finally, Fletcher argues that the ALJ should have found her disabled at Step Five based on the Medical-Vocational Guidelines ("Grids"). The Grids are a set of rules that render a finding of disabled or not disabled based on a claimant's specific vocational profile. 20 C.F.R Part 404, Subpart P, Appendix 2; SSR 83-11. The Grids direct a finding of "disabled" or "not disabled" when a claimant can perform all or substantially all of the exertional demands at a given level of exertion. *Id*. When a claimant cannot perform the full range of work at a certain exertional level because the RFC contains additional postural limitations, the Grids do not automatically apply. *Fenton v. Apfel*, 149 F.3d 907, 910 (8th Cir. 1998)(the ALJ is required to produce vocational expert testimony if the claimant's characteristics do not match those in the Grids because he or she is precluded from performing a full range of a particular work classification). Here, the Grids did not apply because the RFC assigned postural limitations, which meant Fletcher could not perform the full range of light work.

However, the ALJ was not even required to consider the application of the Grids in this case because he found Fletcher could perform past relevant work. With that Step Four finding, he properly concluded the analysis and found her not disabled.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ's RFC finding incorporated all of Fletcher's limitations and the ALJ was not required to apply the Grids because Fletcher could perform her past relevant work.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and Fletcher's Complaint is DISMISSED, with prejudice.

DATED this 3rd day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE